CUAUHTEMOC ORTEGA (Bar No. 257443)
Federal Public Defender
HANNAH A. BOGEN (Bar No. 324294)
(E-Mail: Hannah_bogen@fd.org)
Deputy Federal Public Defender
Samuel O. Cross (Bar No. 304718)
Deputy Federal Public Defender
(E-mail: sam_cross@fd.org)
321 East 2nd Street
Los Angeles, California 90012
Telephone: (213) 894-2854
Facsimile: (213) 894-0081

Attorneys for Defendant
GISSELLE MEDINA

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> GISSELLE MEDINA, <br><br> Defendant. | Case No. 2:25-cr-00531-AS <br><br> **GISSELLE MEDINA'S UNOPPOSED *EX PARTE* APPLICATION FOR EARLY RETURN SUBPOENA; MEMORADUM OF POINTS AND AUTHORITIES; DECLARATION OF COUNSEL** |

Defendant Gisselle Medina, through counsel of record Hannah A. Bogen and Samuel O. Cross, hereby applies *ex parte* for an order permitting the early return of three subpoenas duces tecum directed at the following organizations and agencies:

- Fox Television Stations, LLC, c/o CT Corporation System
- Los Angeles Sheriff's Department ("LASD") Discovery Unit
- Chevron, owned by Paramount Station, Inc.

///

Copies of the requested subpoenas are attached to the concurrently-lodged proposed order.  It is also requested that the materials subpoenaed be ordered returned to the Court by December 2, 2025 and that defense counsel be permitted to immediately inspect and/or copy all of the designated items.  Ms. Medina further requests that costs and fees incurred by such processes be paid in the same manner as are similar costs and fees for subpoenas served on behalf of the government.

This application is made pursuant to Rule 17 of the Federal Rules of Criminal Procedure and Local Criminal Rule 17-1 *et seq*. The application is based upon the attached memorandum of points and authorities and declaration, all files and records in this case, and such further information as may be provided to the Court regarding the application.

The government does not oppose the instant application or its contents.

Respectfully submitted,

CUAUHTEMOC ORTEGA
Federal Public Defender

DATED: September 22, 2025        */s/ Hannah A. Bogen*
HANNAH A. BOGEN
SAMUEL O. CROSS
Deputy Federal Public Defenders
Attorneys for GISSELLE MEDINA

1

## MEMORANDUM OF POINTS AND AUTHORITIES

Ms. Medina has a Sixth Amendment right to compulsory process. Federal Rule of Criminal Procedure ("Rule") 17(b) provides generally that indigent defendants may apply *ex parte* to the court for subpoenas necessary to an adequate defense. *See* Fed. R. Crim. Pro. 17(b).

The requested subpoena is directed to third parties, as opposed to the federal government or any of its agents, and is appropriate insofar as it seeks items material to Ms. Medina's defense and is not overly oppressive. *See Bowman Dairy Co. v. United States*, 341 U.S. 214, 218–221 (1951). As set forth in the attached declaration of counsel, the materials sought from Fox Television Stations, LLC, the LASD Discovery Unit, and Chevron, are relevant, admissible, and specific. *See United States v. Nixon*, 418 U.S. 683, 700 (1974).

With respect to the request for pretrial production of the subpoenaed materials, such early production is authorized by Rule 17(c). Rule 17(c) first provides that a subpoena issued pursuant to Rule 17(b) can command not only the appearance of a witness but also the production of documents or other physical evidence. *See* Fed. R. Crim. P. 17(c). Rule 17(c) then provides that the Court may order the materials to be produced prior to trial or any hearing and may be subject to inspection by counsel. The defense requests early production here so that it may (1) more efficiently present any materials it uses at any hearing or trial; (2) conduct further investigation and discovery, if necessary, based on the materials that are produced; (3) assess the need for any pretrial motions; and (4) seek foundational stipulations if appropriate.

When a witness will be served within the district, defense counsel must apply for issuance of a subpoena to the judge to whom the case is assigned. *See* C.D. Cal. Local Crim. R. 17-1. Defense counsel must "represent that the defendant is unable to pay for the witness fees and the presence of the witness is necessary to an adequate defense." *Id.* Rule 17 also provides that the costs of service be paid in the same manner as similar costs are paid for witnesses subpoenaed on behalf of the government. *See* Fed. R. Crim. Pro.

17(b). The proposed order submitted with this application thus provides for such payment of costs and fees.

The defense respectfully submits that the attached declaration of counsel is sufficient to justify the requested subpoenas duces tecum.

The government does not oppose the instant application or its contents.

Respectfully submitted,

CUAUHTEMOC ORTEGA

Federal Public Defender

DATED: September 22, 2025        /s/ Hannah A. Bogen
HANNAH A. BOGEN
Deputy Federal Public Defender
Attorney for GISSELLE MEDINA

3

## **DECLARATION OF HANNAH A. BOGEN**

I, Hannah A. Bogen, hereby state and declare as follows:

1. I am a Deputy Federal Public Defender in the Central District of California, and I have been appointed to represent GISSELLE MEDINA in this matter.

2. Ms. Medina is charged with serving as an accessory after the fact in violation of 18 U.S.C. § 3. (ECF 15.) Trial in this matter is currently set for February 2, 2026. (ECF 20.)

3. Ms. Medina is accused of "receiv[ing], reliev[ing], comfort[ing], and assist[ing] the offenders, known and unknown to the Grand Jury [sic], in order to hinder and prevent their apprehension, trial and punishment." (ECF 15.) In reports written after the incident, officers have claimed that when apprehended, Ms. Medina grabbed an arresting officer's vest to stop him from arresting a suspect. However, there is no footage of this.

4. Fox Television Stations, LLC, c/o CT Corporation System, LASD Discovery Unit, and Chevron, owned by Paramount Station, Inc., possess surveillance and other footage of what happened on the date of the incident. Video is critical to establishing that Ms. Medina never did what the officers in this case claim she did.

5. I believe that the materials sought in the requested subpoena duces tecum are reasonably necessary to prepare Ms. Medina's defense and will result in relevant and admissible evidence.

6. The undersigned is requesting the early return of the subpoenaed materials prior to Ms. Medina's trial. Because of the need to prepare pre-trial motions, including a possible motion to dismiss, and the subsequent investigation following their review, it is essential that these materials be obtained by December 2, 2025.

7. The defense respectfully submits that this declaration of counsel is sufficient to justify the requested subpoena duces tecum.

///

///

1

8. A United States Magistrate Judge of this Court concluded that Ms. Medina is entitled to appointed counsel. (ECF 4.) On this basis, I believe he is indigent and is unable to pay fees or costs.

9. On or around September 10 and 11, 2025, I conferred with counsel for the government regarding the instant application. He does not oppose the instant application or its contents.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

DATED: September 22, 2025        */s/ Hannah A. Bogen*
                                  HANNAH A. BOGEN
                                  Deputy Federal Public Defender

2